# United States Bankruptcy Court Western District of Oklahoma

In re    __Aniquasea Maria Harding,__        Case No. __25-13261-SAH__

Debtor(s)                                      Chapter   __7__

| | |
|---|---|
| **Ian's Enterprise, LLC,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )      **Adv. No. 26-01002-SAH** |
| | ) |
| **Aniquasea Maria Harding,** | ) |
| **Defendant.** | ) |

## DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS AND NOTICE OF OPPORTUNITY FOR HEARING

### NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the relief requested, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United Staes Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Ave., Oklahoma City, OK 73102, no later than **14 days** from the date of filing of this request for relief. You should also serve a file stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 14-day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).

**[Note – this is a flat 14 days regardless of the manner of service.]**

COMES NOW the Defendant, Aniquasea Marie Harding ("Defendant"), by and through her undersigned counsel, and files this Motion to Quash Service of Process pursuant to Federal Rule of Bankruptcy Procedure 7004(e) and Federal Rule of Civil Procedure 12(b)(5), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b).

1. The Plaintiff, Ian's Enterprise, LLC ("Plaintiff"), attempted to serve the Defendant with a summons that had expired by operation of law prior to service. Because the service of a "stale" summons is a nullity and fails to confer personal jurisdiction over the Defendant, the purported service effected on February 9, 2026, must be quashed.

In support of this Motion, the Defendant states as follows:

## RELEVANT PROCEDURAL HISTORY

2. **January 20, 2026:** Plaintiff filed its *Complaint* initiating this adversary proceeding [Doc. 15].

3. **January 21, 2026:** The Clerk of the Court issued the *Summons in an Adversary Proceeding* (the "Summons") [Doc. 2].

4. **January 28, 2026:** According to the Proof of Service filed by Plaintiff, the Summons was provided to a private process server on this date [Doc. 3, pg. 2].

5. **February 9, 2026:** The private process server personally delivered the Summons and Complaint to the Defendant's residence [Doc. 3, pg. 2].

6. **Time Elapsed:** A total of **nineteen (19) days** elapsed between the issuance of the Summons (Jan. 21) and the service of the Summons (Feb. 9)

DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS

## ARGUMENT AND AUTHORITIES

### Federal Rule of Bankruptcy Procedure 7004(e)

### Mandates Service Within 7 Days

7.   Service of process in bankruptcy adversary proceedings is governed strictly by Federal Rule of Bankruptcy Procedure 7004. Unlike the Federal Rules of Civil Procedure, which generally allow 90 days for service, the Bankruptcy Rules impose a strict, abbreviated timeline to ensure the prompt administration of bankruptcy estates.

8.   Fed. R. Bankr. P. 7004(e) explicitly states:

*(e) Summons: Time Limit for Service within the United States. Service made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. shall be by delivery of the summons and complaint within 7 days after the summons is issued. If service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within 7 days after the summons is issued. If a summons is not timely delivered or mailed, a new summons must be issued.*

9.   The language of the rule is mandatory, not permissive. It expressly dictates that if the 7-day window is missed, the summons lapses, and a "new summons must be issued."

### The Summons Served on Defendant Was "Stale" and Void

10.   In this matter, the strict deadline established by Rule 7004(e) was clearly violated:

• **Date of Issuance:** January 21, 2026.

• **Deadline for Service:** January 28, 2026 (7 days after issuance).

• **Date of Actual Service:** February 9, 2026.

DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS

11. The Plaintiff attempted to serve the Defendant **twelve (12) days after the deadline** had expired.

12. Courts interpreting Rule 7004(e) have consistently held that a summons not served within the seven-day period becomes "stale" and effectively void. Service of a stale summons is insufficient to establish personal jurisdiction over a defendant. The purpose of this rule is to ensure that a defendant is informed that the legal action is active and current; serving a document that has legally expired fails to meet the requirements of due process as codified in the Bankruptcy Rules.

13. The Proof of Service filed by Plaintiff [Doc. 3] admits on its face that the process server received the documents on January 28, 2026—the very last day service could have been validly effected—but did not execute service until February 9, 2026.

14. Because the Summons was not delivered within the statutory window, it expired. Plaintiff was required by the plain text of Rule 7004(e) to obtain a reissued summons from the Clerk of Court before attempting service. Plaintiff failed to do so. Consequently, the service attempted on February 9, 2026, was legally defective and insufficient.

## **CONCLUSION**

15. The Plaintiff's failure to comply with the mandatory time limits of Fed. R. Bankr. P. 7004(e) renders the service of process insufficient. The Summons issued on January 21, 2026, expired on January 28, 2026. The service of that expired Summons on February 9, 2026, is a nullity.

**WHEREFORE**, Defendant Aniquasea Marie Harding respectfully requests that this Court enter an Order **QUASHING** the service of process purportedly effected on February 9, 2026,

DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS

requiring Plaintiff to obtain a new summons in compliance with the Federal Rules of Bankruptcy

Procedure, and granting such other and further relief as is just and proper.

/s/Joshua Farmer
Joshua Farmer, CA302846
3108 N. Classen Blvd
Oklahoma City, OK 73118
Phone: (405) 296-6859
Fax: (580) 581-1803
Attorney for Defendant
josh@gplawok.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of February 2026, a true and correct copy of the

foregoing Defendant's Motion to Quash Service of Process and Notice of Opportunity for Hearing,

was electronically served using the CM/ECF system, namely:

**Amanda R. Blackwood**      amanda@blackwoodlawfirm.com

and via U.S. Mail, first class, postage prepaid to the following parties, to-wit:

Amanda R. Blackwood
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103

/s/Joshua Farmer
Joshua Farmer, CA302846
Attorney for Defendant
josh@gplawok.com

DEFENDANT'S MOTION TO QUASH SERVICE OF PROCESS