IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: <br> ANIQUASEA MARIE HARDING, <br> Debtor. | ) <br> ) <br> ) <br> ) | Case No. 25-13261-SAH <br> Chapter 7 |
| IAN'S ENTERPRISE, LLC <br> Plaintiff. <br> vs. <br> ANIQUASEA MARIE HARDING, <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Adv. Pro. 26-01002 |

## DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT, BRIEF IN SUPPORT, REQUEST FOR ATTORNEY COMPENSATION, AND NOTICE OF OPPORTUNITY FOR HEARING

### NOTICE OF OPPORTUNITY FOR HEARING

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the relief requested, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United Staes Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Ave., Oklahoma City, OK 73102, no later than 14 days from the date of filing of this request for relief. You should also serve a file stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 14-day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).

**[Note – this is a flat 14 days regardless** *of the manner of service.]*

**COMES NOW**, Defendant Aniquasea Marie Harding ("Defendant" or "Debtor"), by and through her undersigned counsel, and respectfully moves this Court to dismiss the Adversary Complaint filed by Plaintiff Ian's Enterprise, LLC ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012. In support of this Motion, Defendant states as follows:

## INTRODUCTION

1. Plaintiff seeks to except a debt from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) based on a theory that a simple breach of contract constitutes fraud. The debt in question arises from a 2017 Promissory Note (the "Note") executed by the Debtor to resolve residential lease damages. Plaintiff, an assignee of the Note, alleges that because the Debtor failed to make payments, she must have lacked the intent to repay at the time of execution.

2. Plaintiff's Complaint is fatally deficient. It fails to meet the heightened pleading standards of Fed. R. Civ. P. 9(b), relying instead on conclusory allegations of nonpayment and irrelevant character evidence regarding unrelated prior legal matters. Because the Complaint fails to plead specific facts demonstrating fraudulent intent at the inception of the debt, and because exceptions to discharge must be narrowly construed in favor of the Debtor, the Complaint must be dismissed.

## STANDARD OF REVIEW

### Dismissal for Failure to State a Claim (Rule 12(b)(6))

3. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

### Heightened Pleading Standard for Fraud (Rule 9(b))

4. Claims under § 523(a)(2)(A) sound in fraud and must satisfy the heightened pleading

2

requirements of Fed. R. Civ. P. 9(b), made applicable by Fed. R. Bankr. P. 7009. *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 792 (10th Cir. 2009). Rule 9(b) demands that a party "state with particularity the circumstances constituting fraud."

5. The Tenth Circuit strictly interprets this to require the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Sikkenga v. Regence BlueCross BlueShield of Utah*, 472 F.3d 702, 726–27 (10th Cir. 2006). "Shotgun" or group allegations are insufficient; the plaintiff must identify the time, place, and content of the false representation, the fact misrepresented, and what was obtained or given up as a consequence. *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006).

### Exceptions to Discharge are Narrowly Construed

6. Exceptions to discharge are to be "narrowly construed, and because of the fresh start objectives of bankruptcy, doubt is to be resolved in the debtor's favor." *Bellco First Federal Credit Union v. Kaspar*, 125 F.3d 1358, 1361 (10th Cir. 1997).

### ARGUMENT AND AUTHORITIES

7. To prevail under § 523(a)(2)(A), a creditor must prove: (1) the debtor made a false representation; (2) the debtor made the representation with the intent to deceive the creditor; (3) the creditor relied on the representation; (4) the creditor's reliance was justifiable; and (5) the creditor sustained a loss as a result. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996). Plaintiff's Complaint fails to plausibly allege these elements under the strictures of Rule 9(b).

### The Complaint Fails the "Who, What, When, Where, and How" Test

8. Plaintiff's allegations are devoid of the particularity required to maintain a fraud action.

   i. **The "What" is Missing:** Plaintiff alleges in Paragraph 11 that Defendant "represented, expressly or impliedly, an intent and ability to repay." However,

3

       Plaintiff fails to identify any specific statement, document, or communication other than the Note itself. A promissory note is a contract, not a standalone representation of financial condition or evidence of intent.

  ii.  **The "How" is Circular:** Plaintiff fails to allege *how* the representation was false at the time it was made in April 2017. Plaintiff relies solely on the subsequent nonpayment (Complaint ¶ 22) to retroactively infer falsity. This is insufficient as a matter of law.

  iii.  **The "Who" is Vague:** The Note was executed in favor of Radar Realty, not the Plaintiff. The Complaint fails to allege what specific representations were made to Radar Realty's agents, or *who* at Radar Realty received these representations.

### Breach of Contract and Nonpayment Do Not Constitute Fraud

9. The gravamen of Plaintiff's Complaint is found in Paragraph 22: "The lack of any payments on the Note, from inception through judgment evidences that Defendant had no intention to repay at the time of execution..."

10. This is a legal fallacy that the Tenth Circuit has rejected. A failure to perform under a contract—even a total failure to pay—does not, without more, constitute fraud. *See Fowler Bros.*, 91 F.3d at 1373. If it did, every breach of contract claim would automatically become a nondischargeability action in bankruptcy, eviscerating the "fresh start" policy.

11. To survive dismissal, Plaintiff must plead facts showing that the Debtor had no intention of performing *at the precise moment* the promise was made. Plaintiff has pleaded no facts regarding the Debtor's financial condition, solvency, or specific intent in April 2017 other

4

than the fact that she later defaulted. The fact that the Debtor was unable or failed to pay the Note is a breach of contract, not a scheme to defraud.

### Allegations of a "Pattern" are Irrelevant and Improper

12. Lacking evidence regarding the specific transaction at issue, Plaintiff devotes nearly a third of its Complaint (¶¶ 23–31) to discussing the Debtor's prior history, including 2014 eviction actions and a 2016 judgment regarding the Oklahoma Employment Security Commission (OESC).

13. These allegations are legally insufficient to support a claim for fraud regarding the specific debt owed to Ian's Enterprise, LLC.

    i. **No Nexus:** Section 523(a)(2)(A) requires proof that *this specific debt* was obtained by fraud. That the Debtor may have had a judgment regarding unemployment benefits in 2016 has no bearing on whether she intended to repay a promissory note to a landlord in 2017. Furthermore, Plaintiff is not the original creditor, he bought this debt that was already in default. As such, it would be impossible for him to have relied on any promise by the Defendant at time when he did not own the debt and the Plaintiff has not provided any admissible evidence that the original debt was obtained by fraud.

    ii. **Improper Character Evidence:** Plaintiff attempts to use prior bad acts to prove conduct in conformity therewith. This does not satisfy the factual pleading requirements for the specific transaction at bar.

    iii. **No Reliance:** Plaintiff fails to allege that it (or its assignor, Radar Realty) knew of or relied upon these prior events when accepting the Note, and as such there was no reliance and the Plaintiff's argument fails as a matter of law.

5

### Plaintiff Fails to Plausibly Allege Justifiable Reliance

14. Under *Field v. Mans*, 516 U.S. 59 (1995), reliance must be justifiable. Plaintiff is an assignee of the Note. The alleged misrepresentation was made to Radar Realty in April 2017.

15. The Complaint fails to allege facts suggesting Radar Realty justifiably relied on the Debtor's "implied" representation of repayment. The Note was executed *after* a default on a lease (Complaint ¶ 9). Radar Realty already knew the Debtor had failed to pay rent and caused damages. Accepting a promissory note from a tenant who has already defaulted on a lease suggests that the creditor was merely memorializing a debt, not that they were "tricked" into extending new credit based on a belief in the Debtor's creditworthiness.

16. Due to Radar Realty's prior knowledge and personal experience with the Defendant it is implausible on the face of the Complaint that a landlord, having just evicted a tenant for nonpayment, would have then "justifiably relied" on a representation of intent to pay without further inquiry.

### REQUEST FOR ATTORNEY FEES UNDER 11 U.S.C. § 523(d)

17. The debt at issue is a consumer debt (residential lease damages). Pursuant to 11 U.S.C. § 523(d), if a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2), and such debt is discharged, the court *shall* grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the position of the creditor was not substantially justified.

18. Plaintiff's position—that mere nonpayment equals fraud—is contrary to established Tenth Circuit law and is not substantially justified. Plaintiff has filed a complaint based on speculation and character attacks rather than specific evidence of fraud in the

6

inducement of the Note. A minimal amount of due diligence would have revealed the required fraud standard for an adversary proceeding in bankruptcy; the Plaintiff appears to have failed to conduct any due diligence with regard to this complaint. Accordingly, Defendant requests an award of reasonable attorney fees and costs incurred in defending this action.

## CONCLUSION

19. Plaintiff's Complaint is an attempt to dress up a breach of contract claim as a fraud action. It lacks the particularity required by Rule 9(b), relies on impermissible inferences drawn solely from nonpayment, fails to provide evidence of any damages suffered by the plaintiff as a result of the actions of the Defendant, and attempts to prejudice the Court with irrelevant history regarding unrelated creditors.

WHEREFORE, Defendant Aniquasea Marie Harding respectfully requests that this Court:

    1. DISMISS the Adversary Proceeding with prejudice for failure to state a claim;

    2. AWARD Defendant her reasonable attorney's fees and costs pursuant to 11 U.S.C. § 523(d); and

    3. GRANT such other relief as is just and proper.

/s/Joshua Farmer
Joshua Farmer, CA302846
3108 N. Classen Blvd
Oklahoma City, OK 73118
Phone: (405) 296-6859
Fax: (580) 581-1803
Attorney for Defendant
josh@gplawok.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March 2026, a true and correct copy of the foregoing Motion to Dismiss Adversary Complaint, Brief in Support, Request for Attorney Compensation, And Notice of Opportunity for Hearing, was electronically served using the CM/ECF system, namely:

Amanda R. Blackwood amanda@blackwoodlawfirm.com

/s/Joshua Farmer
Joshua Farmer, CA302846
Attorney for Defendant
josh@gplawok.com