IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: )<br>ANIQUASEA MARIE HARDING, )<br>     Debtor )<br>_____ )<br>IAN'S ENTERPRISE, LLC )<br>     )<br>     Plaintiff, )<br>vs. )<br>     )<br>ANIQUASEA MARIE HARDING, )<br>     )<br>     Defendant. ) | Case No. 25-13261-SAH<br>Chapter 7<br><br><br><br><br>Adv. Pro. 26-01002-SAH |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
QUASH SERVICE OF PROCESS**

Plaintiff**,** Ian's Enterprise, LLC ("Plaintiff"), by and through undersigned counsel, submits this Response to *Defendant's Motion to Quash Service of Process and Notice of Opportunity For Hearing* [Doc. 5] ("*Motion to Quash")* filed on February 27, 2026, and states as follows:

**I. INTRODUCTION**

Defendant, Aniquasea Harding ("Defendant") seeks to quash service based on an alleged violation of the seven-day service provision contained in Federal Rule of Bankruptcy Procedure 7004(e). The motion should be denied. On January 27, 2026, Plaintiff placed the Summons and Complaint in the U.S. Mail, first -class, postage pre-paid, to the address listed on the Voluntary Petition, pursuant to the Proof of Service filed on March 12, 2026 [Doc. No. 7]. On February 9, 2026, a private process server also personally delivered the Summons and Complaint to Defendant, as reflected in the Proof of Service filed on February 11, 2026 [Doc. No. 3]. On February 27, 2026, Defendant filed the *Motion To Quash,* asserting that the February 9 personal service rendered the summons "stale" under Rule 7004(e) because it occurred more than seven (7) days after issuance.

After filing the *Motion to Quash,* Defendant filed a Motion to Dismiss this adversary proceeding on substantive grounds, thereby invoking this Court's jurisdiction and seeking merits relief. By requesting relief addressing the merits of the complaint, Defendant has made a general appearance in this case. Further, Defendant indisputably received actual notice of this adversary proceeding and cannot demonstrate prejudice.

## II. ARGUMENT AND AUTHORITIES

**A. Service by First-Class Mail Is Proper Under Federal Rule of Bankruptcy Procedure 7004.**

Fed. R. Bankr. P. 7004(b) expressly authorizes nationwide service of process in adversary proceedings by first-class mail, postage pre-paid, upon individuals at their dwelling house or usual place of abode (and in the case of a debtor, at the address in the petition or other address designated by the debtor). Fed. R. Bankr. P. 7004(e) requires that, where service is made by an authorized form of mail, "the summons and complaint shall be deposited in the mail within 7 days after the summons is issued" and provides that if a summons is not timely mailed, "a new summons must be issued." The Advisory Committee Note explains that subdivision (e) is intended to avoid undue delay between issuance and service of the summons.

Here, the summons was issued on January 21, 2026, and Plaintiff deposited the Summons and Complaint in the mail to Defendant at the address listed on the Voluntary Petition on January 27, 2026, six (6) days after issuance, and within Rule 7004(e)'s seven-day mailing requirement. Because Plaintiff completed service by first-class mail within seven (7) days of issuance, Defendant's challenge based on the timing of the later February 9 personal service is immaterial. Rule 7004(e) requires that a summons and complaint be mailed within seven (7) days after the summons is issued. The rule's purpose is to ensure prompt notice to the defendant. Defendant

received notice of the adversary proceeding, retained counsel, and actively litigated the matter. Here, Defendant has had a full opportunity to respond and has in fact sought affirmative relief. Quashing service at this stage would elevate form over substance and needlessly delay resolution of the adversary proceeding, contrary to the Advisory Committee's stated purpose.

**B. Rule 7004(e) Contemplates Reissuance of a Summons Rather Than Quashing Service**

Even if service occurred outside the seven-day period, Rule 7004(e) itself provides the remedy. The rule states that if service is not made within seven days, "another summons shall be issued and served." The rule therefore contemplates reissuance of a summons rather than dismissal or quashing service. Even if the Court concludes that service technically failed to comply with Rule 7004(e), the proper remedy is to allow re-service rather than quashing service or dismissing the action.

C. **Defendant Filed a Motion to Dismiss Subsequent to Filing The Motion to Quash**

By filing a Motion to Dismiss requesting substantive relief, Defendant invoked the jurisdiction of this Court and made a general appearance. A party cannot simultaneously seek dismissal on the merits while claiming the court lacks authority due to an alleged service defect. Even assuming some technical defect in service occurred, which Plaintiff denies, Defendant's *Motion to Quash* is moot given that Defendant has filed a motion requesting substantive relief. Further, because the proper remedy is re-service pursuant to Rule 7004 the *Motion to Quash* should be denied and plaintiff given the opportunity to re-serve if the Court does determine service was insufficient.

WHEREFORE, Plaintiff Ian's Enterprise, LLC respectfully requests that the Court (1) deny Defendant's *Motion to Quash;* (2) determine that service was sufficient; (3) alternatively

permit re-service if the Court finds any technical defect; and (4) grant any other relief as the Court deems equitable.

Respectfully Submitted,

/s/ Amanda R. Blackwood
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
405.309.3600 -Telephone
405.378.4466 – Facsimile
amanda@blackwoodlawfirm.com – Email
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on March 12, 2026, using the Courts ECF system to the following:

Joshua Farmer

And any other party receiving electronic notice.

I further certify that on March 12, 2026, I mailed the foregoing document to the following:

Joshua Farmer
 3108 N. Classen Blvd.
Oklahoma City, OK 73118

/s/ Amanda R. Blackwood