**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| ANIQUASEA MARIE HARDING, | ) | Case No. 25-13261-SAH |
| Debtor | ) | Chapter 7 |
| _____ | ) | |
| IAN'S ENTERPRISE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adv. Pro. 26-01002-SAH |
| | ) | |
| ANIQUASEA MARIE HARDING, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
ADVERSARY COMPLAINT**

**I.    INTRODUCTION**

Plaintiff Ian's Enterprise, LLC ("Plaintiff") files its response to *Defendant's Motion to Dismiss Adversary Complaint, Brief In Support, Request For Attorney Compensation, And Notice of Opportunity For* Hearing ("Motion) [Doc. 6]. Defendant argues that the Complaint fails to state a claim under 11 U.S.C. §523(a)(2)(A) and fails to satisfy Rule 9(b). The *Motion* attempts to resolve factual questions regarding Defendant's intent and reliance that cannot properly be determined at the pleading stage.

The Complaint alleges that Defendant executed a promissory note on April 12, 2017, represented an intent and ability to repay the debt and then made no payments whatsoever The Complaint further alleges a pattern of similar conduct including prior lease defaults, prior bankruptcy filings, and a prior nondischargeability judgment based on fraud. These allegations plausibly support an inference that Defendant never intended to repay the debt, especially when coupled with $0 in voluntary payments both in the underlying Note in this proceeding and a prior Note with this Plaintiff.

**II. STANDARD OF REVIEW**

A motion to dismiss tests the sufficiency of the complaint rather than the merits of the case. A complaint survives dismissal if it contains sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

**II.     FRAUDULENT INTENT MAY BE INFERRED FROM CIRCUMSTANTIAL EVIDENCE**

The Tenth Circuit recognizes that fraudulent intent under §523(a)(2)(A) may be inferred from the totality of the debtor's conduct and surrounding circumstances. *Fowler Bros. v. Young (In re Young),* 91 F.3d 1367, 1375 (10th Cir. 1996). The Tenth Circuit reaffirmed this principle in *Johnson v. Riebesell (In re Riebesell*), 586 F.3d 782, 791 (10th Cir. 2009). Similarly, the Tenth Circuit Bankruptcy Appellate Panel has recognized that intent to deceive is a subjective inquiry, and that it may be established through surrounding facts and circumstances rather than direct evidence. *In re Cribbs*, 327 B.R. 668, 673–74 (10th Cir. BAP 2005).

The Complaint alleges facts supporting an inference of fraudulent intent, including (1) execution of the Promissory Note; (2) representation of intent to pay; (3) complete failure to make payments; (4) entry of a state court judgment after default; (5) prior similar lease disputes and default; (6) prior nondischargeability judgment based on fraud; (7) filing of the present bankruptcy after years of nonpayment. Defendant's pattern of conduct supports an inference of fraudulent intent.

**IV. THE COMPLAINT SATISFIES RULE 9(b)**

Rule 9(b) requires the circumstances of fraud to be pled with particularity but allows intent to be alleged generally. Fed. R. Civ. P. 9(b). The Complaint identifies the misrepresentation, the date of the promissory note, the transaction giving rise to the debt, and the resulting damages. The Complaint satisfies the Rule 9(b) requirement that fraud is to be pled with particularity.

The *Motion* alleges that Plaintiff fails to identify any specific statement, document, or communication other than the Note itself.　Plaintiff identifies the Note, and the circumstances prior to and after the Note was signed by Defendant that properly plead fraud with particularity. The *Motion* alleges that Plaintiff fails to identify how the representation was false at the time it was made. Plaintiff identifies numerous events leading up to the signing of the Note that Plaintiff identify how the representation was false at the time it was made.

**V. ASSIGNMENT DOES NOT DEFEAT RELIANCE**

Defendant argues Plaintiff cannot establish reliance because the promissory note was originally executed in favor of Radar Realty. However, an assignee stands in the shoes of the assignor and may assert nondischargeability claims arising from the underlying transaction. *In re Boyajian*, 564 F.3d 1088 (9th Cir. 2009). See, also *Pazdzierz v. First Am. Title Ins. Co.* (*In re Pazdzierz*), 718 F.3d 582 (6th Cir. 2013).

**VI. ATTORNEY FEES UNDER §523(d) ARE PREMATURE**

Defendant seeks attorney's fees under 11 U.S.C. §523(d). Such relief is only available after a determination that the debt is dischargeable and that the creditor's position was not substantially justified. No such determination has been made.

## VII. LEAVE TO AMEND

If the Court determines that additional factual specificity is required, Plaintiff respectfully requests leave to amend the Complaint pursuant to Fed. R. Civ. P. 15.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss, deny the request for attorney's fees, grant leave to amend if necessary, and grant such other relief as the Court deems just and proper.

Respectfully Submitted,


/s/ Amanda R. Blackwood
Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
405.309.3600 -Telephone
405.378.4466 – Facsimile
amanda@blackwoodlawfirm.com
**ATTORNEY FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I certify that I served the foregoing document on March 23, 2026, using the Courts ECF system to the following:

Joshua Farmer

And any other party receiving electronic notice.


I further certify that on March 24, 2026, I mailed the foregoing document to the following:

Joshua Farmer
 3108 N. Classen Blvd.
Oklahoma City, OK 73118


/s/ Amanda R. Blackwood