**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ANIQUASEA MARIE HARDING, | ) | Case No. 25-13261-SAH |
| Debtor. | ) | Chapter 7 |
| | ) | |
| IAN'S ENTERPRISE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. 26-01002-SAH |
| | ) | |
| ANIQUASEA MARIE HARDING, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ADVERSARY COMPLAINT

COMES NOW Defendant Aniquasea Marie Harding ("Defendant"), by and through her undersigned counsel, and pursuant to the Court's Order Denying Defendant's Motion to Dismiss Adversary Complaint entered May 6, 2026 [Doc. 14], Federal Rule of Civil Procedure 8, and Federal Rule of Bankruptcy Procedure 7008, hereby files this Answer to the Complaint [Doc. 1] filed by Plaintiff Ian's Enterprise, LLC ("Plaintiff"), and respectfully states as follows:

### STATEMENT REGARDING CORE PROCEEDING AND CONSENT

Pursuant to Federal Rule of Bankruptcy Procedure 7012(b), Defendant admits this is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Defendant consents to the entry of final orders and judgment by the United States Bankruptcy Court for the Western District of Oklahoma.

### RESPONSES TO NUMBERED ALLEGATIONS

Defendant responds to the numbered allegations of the Complaint as follows. Defendant denies each and every allegation not expressly admitted herein.

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the jurisdictional allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the venue allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant is without sufficient knowledge to form a belief as to the truth of the allegation contained in Paragraph 6, and as such, denies this claim. Defendant has been unable to locate a lease agreement from nearly ten (10) years ago. Defendant admits having leased the property located at 2220 NW 113th Place, Oklahoma City, OK 73120, but does not have requisite knowledge of the or possession of the lease or leases that were part of that agreement.

7. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 7 of the Complaint, and as such, denies them. The Defendant is not in possession of the document referenced in this allegation, and it has not been provided as part of the Complaint.

8. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 8 of the Complaint, and as such, denies them. The Defendant is not in possession of the document referenced in this allegation, and it has not been provided as part of the Complaint.

9. Defendant admits that she moved out of the property. Defendant denies the remaining allegations of Paragraph 9 of the Complaint, including the specific characterization and calculation of the alleged damages, arrears, and fees, as well as what constitutes a default, as Defendant is not in possession of the document referenced in this allegation, and it has not been provided as part of the Complaint.

10. Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 10 of the Complaint, and as such, denies them. Defendant has been unable to locate a Note executed nearly ten (10) years ago. The Defendant is not in possession of the document referenced in this allegation, and it has not been provided as part of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint. Defendant specifically denies making any false representation — express or implied — regarding her intent or ability to repay the Note at the time of its execution and specifically denies acting with any fraudulent intent.

12. Defendant admits she was unable to make payments on the Note. Defendant denies the remaining allegations in Paragraph 12 of the Complaint, specifically denying that she had the ability to pay but chose not to do so.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and therefore denies the same.

14. Defendant admits she did not make payments, but she is without sufficient knowledge regarding the assignment and notice thereof and therefore denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant admits that a lawsuit was filed in the District Court of Oklahoma County, State of Oklahoma, Case No. CS-2021-6559.

16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits she did not pay the Note or Judgment, but denies the remaining allegations contained in Paragraph 17 and demands strict proof thereof.

18. Defendant admits that a judgment was entered against her on November 1, 2022, but denies the specific calculation of interest, fees, and costs as alleged in Paragraph 18 of the Complaint and demands strict proof thereof.

19. Defendant admits Plaintiff attempted garnishment proceedings but denies any implication of willful avoidance of payment in Paragraph 19 of the Complaint. Defendant denies Plaintiff's description of garnishment proceedings as a "voluntary" process or that the garnishment process is evidence of anything other than the Plaintiff's attempt to collect a purchased debt.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that the judgment debt was scheduled in her bankruptcy, but denies Plaintiff's calculations regarding the balance due, interest, and costs as of October 21, 2025, and demands strict proof thereof.

22. Defendant vehemently denies the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

24. Defendant admits that prior lease disputes occurred but denies the relevance and the remaining characterizations in Paragraph 24 and demand strict proof thereof.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

26. Defendant admits she filed a Chapter 7 bankruptcy (Case No. 15-14134) in 2015.

27. Defendant admits an adversary proceeding was filed by the Oklahoma Employment Security Commission (Adv. No. 16-01017). The pleadings and judgment in that proceeding are public records that speak for themselves.

28. Defendant admits that Paragraph 28 generally summarizes the allegations made in a separate, unrelated proceeding, but denies that those allegations establish any pattern of fraud regarding the instant transaction or bear any logical or evidentiary connection to the specific transaction at issue.

29. Defendant admits a judgment was entered in the OESC proceeding, but she denies the allegations in Paragraph 29 of the Complaint and demands strict proof thereof. The OESC judgment was a default judgment based on the findings and statements of OESC counsel. Defendant denies the relevance of that proceeding to the present matter and denies any inference that the OESC judgment bears upon Defendant's intent with regard to the debt at issue in this proceeding.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint. The eight-year interval between filings is a creation of the Bankruptcy Code itself — see 11 U.S.C.

§ 727(a)(8) — and Defendant's compliance with that statutory requirement and subsequent eligibility for protection under the Chapter 7 are not evidence of fraudulent intent, but rather adherence to the Bankruptcy Code.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the exact public records cited in Paragraph 31 of the Complaint and therefore denies the same. To the extent Plaintiff alleges that publicly available case filings establish a propensity toward fraud, Defendant denies the legal sufficiency and relevance of such allegations and demands strict proof thereof.

32. Defendant vehemently denies the allegations contained in Paragraph 32 of the Complaint and demands strict proof thereof.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint and demands strict proof thereof.

## FIRST CAUSE OF ACTION — 11 U.S.C. § 523(a)(2)(A)

Defendant incorporates her responses to Paragraphs 1–34 of the Complaint as though fully set forth herein and further responds to the First Cause of Action as follows:

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation contained in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without conceding that she bears the burden of proof on any of the following, Defendant asserts the following affirmative defenses, each of which is pleaded in the alternative and without prejudice to her general denials above:

1. **Failure to State a Claim / Insufficient Nexus.** Plaintiff's claims are barred, in whole or in part, because the debt was not "obtained by" fraud under 11 U.S.C. § 523(a)(2)(A).

2. **Lack of Contemporaneous Fraudulent Intent.** Plaintiff's claims fail because Defendant did not possess the requisite fraudulent intent to deceive at the exact time the April 2017 Promissory Note was executed.

3. **Lack of Justifiable Reliance.** Plaintiff's claims fail because Plaintiff did not justifiably rely on any representation by Defendant.

4. **Exceptions to Discharge Are Narrowly Construed.** Exceptions to discharge under 11 U.S.C. § 523 are to be narrowly construed against the creditor and in favor of the debtor in furtherance of the Bankruptcy Code's fresh-start policy. *DSC Nat'l Prop., LLC v. Johnson (In re Johnson)*, 477 B.R. 156, 169 (10th Cir. BAP 2012). Plaintiff's allegations describe, at most, a breach of contract.

5. **Constructive or Implied Fraud Is Insufficient.** Section 523(a)(2)(A) requires "actual" fraud, which requires wrongful intent. Constructive or implied fraud is not actual fraud. Husky Int'l Elecs., Inc. v. Ritz, 136 S. Ct. 360, (2016). Even if Plaintiff could establish negligence or recklessness by Defendant, such conduct does not rise to the level of fraudulent conduct.

6. **Inadmissibility of Character and Propensity Evidence.** To the extent Plaintiff seeks to rely on Defendant's prior conduct, prior bankruptcy filings, prior eviction actions, or the 2016 OESC judgment to establish fraudulent intent with respect to the 2017 Note, such evidence is inadmissible under Federal Rule of Evidence 404(a) and 404(b) as

impermissible character or propensity evidence. Plaintiff cannot rely on prior bad acts to prove conduct in conformity therewith.

7. **Failure to Plead with Particularity.** Plaintiff has failed to plead the circumstances of the alleged fraud with the particularity required by Federal Rule of Civil Procedure 9(b), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7009. Defendant preserves this defense for the record.

8. **Insolvency Is Not Fraud.** Defendant's inability to pay her debts is the reason she sought relief under the Bankruptcy Code. Insolvency and inability to pay are not, in themselves, evidence of fraudulent intent.

9. **Burden of Proof.** Plaintiff bears the burden of proving each element of nondischargeability by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). Plaintiff cannot satisfy that burden on the record before the Court.

10. **Reservation of Rights.** Defendant expressly reserves the right to amend this Answer to assert additional affirmative defenses as may be revealed through discovery or further proceedings in this matter.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Aniquasea Marie Harding respectfully prays that this Court:

a. Enter judgment in favor of Defendant and against Plaintiff on all claims asserted in the Complaint;

b. Declare that the debt owed by Defendant to Plaintiff is dischargeable in this bankruptcy proceeding;

c. Dismiss the Adversary Complaint with prejudice;

d. Award Defendant her reasonable attorney's fees and costs pursuant to 11 U.S.C. § 523(d) upon a determination that the debt is dischargeable; and

e. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,


/s/ Joshua Farmer
Joshua Farmer, CA302846
Great Plains Legal Services LLC
3108 N. Classen Blvd.
Oklahoma City, OK 73118
Telephone: (405) 296-6859
Facsimile: (580) 581-1803
Email: josh@gplawok.com
ATTORNEY FOR DEFENDANT



## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May 2026, a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Adversary Complaint was electronically served using the Court's CM/ECF system upon the following:

Amanda R. Blackwood, OBA #33839
BLACKWOOD LAW FIRM, PLLC
512 NW 12th Street
Oklahoma City, OK 73103
amanda@blackwoodlawfirm.com


/s/ Joshua Farmer
Joshua Farmer, CA302846
Attorney for Defendant